PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2005 Honda Odyssey struck rocks on the road while the driver, Kimberly Stewart, was traveling south on Route 2 in Brooke County. Route 2 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on November 28, 2007, at approximately 6:15 a.m. Route 2 is a two-lane road with a speed limit of forty-five miles per hour which increases to fifty-five miles per hour. At the time of the incident, the vehicle was proceeding at approximately fifty-five miles per hour when it encountered falling rocks on the road. Since it was dark outside, the driver did not notice the rocks until her vehicle struck them. Claimant stated that she travels on this road everyday and was aware of previous problems with rock slides on Route 2. She explained that in the past two years, respondent cut the hill side back near Wellsburg to prevent rock slides. Although she has seen rocks fall onto the side of the road on other occasions, she never saw rocks slide into the roadside prior to this incident. Claimants’ vehicle sustained damage to the left, front tire and transmission in the amount of $3,497.80, and the amount *113 of their insurance deductible was $500.00.
The position of the respondent is that it did not have notice of the rocks on Route 2. Craig Sperlazza, Highway Administrator for respondent in Brooke County, testified that there are two miles along Route 2 which are known for rock falls. In order to advise the public of the condition in this area, respondent placed two “falling rock” signs on the southbound lane and two signs on the northbound lane. He stated that the sign that claimant would have passed is located at mile post 6.73, and the incident occurred at mile post 6.33. Mr. Sperlazza testified that the signs were installed prior to November of 2007. In addition, respondent would periodically have contractors clean up fallen rocks and secure the shoulder with larger limestone rocks. Mr. Sperlazza stated that although similar incidents occurred in this area, rock fall accidents are infrequent.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimants have not established that respondent failed to take adequate measures to protect the safety of the traveling public on Route 2 in Brooke County. Respondent placed “falling rock” signs to warn the traveling public of the potential for rock falls at this location. The Court finds that respondent did not have prior notice in the instant case because the rocks fell instantaneously as claimant was traveling on Route 2. While the Court is sympathetic to the claimants’ plight, the fact remains that there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.